Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re | Chapter 13 |
|---|---|
| ANGELYCE RODRIGUEZ, | Case No. 2-19-bk-11914-BMW |
|  | **TRUSTEE'S RECOMMENDATION** |
| Debtor. |  |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. The proof of claim filed by US Bank, #8, differs from the creditor's treatment under the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor must resolve the discrepancy before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor: (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; or (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If an objection to the proof of claim

is timely filed by the Debtor, then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

2. The proof of claim filed by Flagship Credit Acceptance, #7, is less than provided for in the Plan. The Order Confirming Plan must provide for payment of the claim balance, with interest and adequate protection payments as provided in the Plan.

3. The Order Confirming Plan must include the following language in Section (C)(2): "Any post-petition mortgage fees and expenses shall be paid directly by the Debtor to the secured creditor."

4. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2019 - 2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

**Plan payment status**: The Debtor's interim payments of $427.00 each are current through due date November 18, 2019. Subsequent payments are due each following month. Debtor may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! and follow the instructions.

**Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by January 7, 2020, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) Information requested in Item #1 above; and

(b) Pay to the Trustee the sum of $427.00.

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

Russell Brown
2019.12.05
18:10:51 -07'00'

ANGELYCE RODRIGUEZ
11956 WEST SCOTT DRIVE
EL MIRAGE, AZ 85335

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4602 E. THOMAS RD., SUITE S-9
PHOENIX, AZ 85028

Cheryl Turner
2019.12.06
09:24:06
-07'00'

*cturner@ch13bk.com*

- 4 -